# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
VICKIE RAY,                         *
                                    *    No. 18-1452V
             Petitioner,            *    Special Master Christian J. Moran
                                    *
v.                                  *    Filed: March 1, 2022
                                    *
SECRETARY OF HEALTH                 *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                 *
                                    *
             Respondent.            *
* * * * * * * * * * * * * * * * * * * * *
```

David G. Rogers, Rogers, Hofrichter & Karrh, LLC, Fayetteville, GA, for Petitioner;
Lynn C. Schlie, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 12, 2021, petitioner Vickie Ray moved for final attorneys' fees and costs. She is awarded **$15,626.20**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On September 21, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza vaccine she received, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer a shoulder injury related to vaccine administration. On August 13, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on August 14, 2020. 2020 WL 5412754 (Fed. Cl. Spec. Mstr. Aug. 14, 2020).

On March 12, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App.").[2] Petitioner requests attorneys' fees of $16,451.20 and attorneys' costs of $0.00 for a total request of $16,451.20. Fees App. at 1. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Id. On March 15, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. In response to an order issued by the undersigned, on September 8, 2021, petitioner filed a supplement to his fees motion containing the contemporaneous time records for his counsel's work.

*       *       *

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the

---

[2] Petitioner filed a motion titled "First Motion for Interim Attorney's Fees and costs" on March 10, 2021. Upon review, it is identical to the motion for final attorneys' fees filed two days later. This incorrectly captioned, duplicative motion shall be denied as moot.

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioner requests that her attorney, Mr. David Rogers, be compensated at $424.00 per hour for all work performed in this case, spanning from 2016 to 2021. These rates require an adjustment. Other special masters who have considered Mr. Rogers' hourly rates have found that he is entitled to forum rates. See, e.g., Halm v. Sec'y of Health & Human Servs., No. 17-338V, 2017 WL 7513285, at *5 (Fed. Cl. Spec. Mstr. Dec. 19, 2017). However, $424.00 per hour has been found excessively high given Mr. Rogers' limited Vaccine Program experience and has been reduced accordingly. Id. (awarding counsel $390.00 per hour for work performed in 2017); see also Vick v. Sec'y of Health & Human Servs., No. 19-447V, 2020 WL 1480412, at *2 (Fed. Cl. Spec. Mstr. Feb. 12, 2020) (awarding counsel $400.00 per hour for work performed in 2018 and $410.00 for work performed in 2019).

The undersigned agrees with the reasoned analysis in these decisions and shall also award Mr. Rogers those rates for his work in the instant case. However, reasonable hourly rates for 2016, 2020, and 2021 must still be established. Comparing the Office of Special Masters Attorneys' Form Hourly Rate Fee schedules for 2015-16 and 2017 reveals that on average, rates grew by

approximately 2.8% from 2016 to 2017. The undersigned will therefore apply a similar reduction to Mr. Rogers' established 2017 rate to arrive at a reasonable hourly rate of $380.00 per hour for work performed in 2016.

For the years 2020 and 2021, the undersigned finds $424.00 per hour to be reasonable and will award those rates herein. Application of all the above rates results in a reduction of $825.00.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the billed hours to be largely reasonable. While the undersigned questions whether some of the time billed on communication may be high (e.g., twelve minutes build to text the client on 8/14/20), it is possible that such entries represent the total communication done on that day, spanning multiple text messages (or e-mails in other instances). Moreover, the total number of hours billed by Mr. Rogers in this case (38.8) is reasonable given the work he performed. Mr. Rogers is cautioned to provide more clarity in his billing entries in the future concerning the amount of communication he is billing for in his entries. Overall, the undersigned finds it reasonable to award $15,626.20 in final attorneys' fees.

C.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$15,626.20** as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. David Rogers.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master